UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ODILIO MISAEL ORELLANA REYES, <br><br> Plaintiff, <br><br> v. <br><br> SERGIO ALBARRAN, et al., <br><br> Defendants. | Case No.  26-cv-01756-CRB   (VC) <br><br> **ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 30 |

The motion for preliminary injunction is denied. This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the applicable law.

The record reflects that Orellana Reyes was removed from the United States in 2017 pursuant to a removal order. Rentera Declaration (Dkt. No. 8-1) ¶¶ 6–8. He subsequently returned to the country and was encountered by ICE on March 1, 2026. *See id.* ¶ 9–10; Supplemental Rentera Declaration (Dkt. No. 32-1) ¶ 6. ICE detained him and reinstated his order of removal the same day. *See* Rentera Declaration ¶ 10, Ex. 1.

At the hearing on the motion for preliminary injunction, Orellana Reyes's counsel argued that the government never presented a copy of the 2017 removal order, in alleged violation of 8 C.F.R. § 241.8, which requires that the immigration officer determining whether to reinstate the removal order "must obtain the prior order of exclusion, deportation, or removal." *See* 8 C.F.R. § 241.8(a)(1). As an initial matter, the government produced the removal order during the hearing. But as discussed at the hearing, a deficiency in the reinstatement process would likely not matter for the purposes of the preliminary injunction hearing. The petitioner asserts that such a deficiency would mean that the petitioner's detention is covered by the detention provision in 8 U.S.C. § 1226(a), rather than the mandatory detention provision in 8 U.S.C. § 1231(a). But

even if that were true, the record contains no facts that would entitle the petitioner to a pre-deprivation hearing. *Compare Njonjo v. Albarran*, 2026 WL 716771, at *2–3 (N.D. Cal. Mar. 13, 2026), *with Andundia-Carillo v. Albarran*, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025), *and Mendoza v. Albarran*, 2025 WL 2803431, at *1 (N.D. Cal. Sept. 26, 2025).

Thus, the petitioner has not shown serious questions going to the merits of his claim. Accordingly, the motion for preliminary injunction is denied.

**IT IS SO ORDERED.**

Dated: March 30, 2026

_____
VINCE CHHABRIA
United States District Judge

2